1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE COMMUNITY ACTION LEAGUE, a California non-profit organization; CALIFORNIA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, a non-profit organization; SHEILA WILLIAMS; and MICHELLE ROSS,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>CITY OF LANCASTER<br><br>　　　　Defendant. | CASE NO. CV11-04817-ODW (VBKx)<br>*Assigned to the Hon. Otis D. Wright II*<br>*Courtroom 11*<br><br>**DISCOVERY MATTER:**<br><br>**PROTECTIVE ORDER REGARDING INFORMATION PRODUCED IN RESPONSE TO THE SUBPOENAS SERVED UPON THE HOUSING AUTHORITY OF THE COUNTY OF LOS ANGELES**<br><br>*[STIPULATION FILED CONCURRENTLY HEREWITH]*<br><br>Action Filed:  June 7, 2011<br>Discovery Cutoff: December 17, 2012<br>Pre-Trial Conference:  February 25, 2013<br>Trial Date:  March 19, 2013 |

[PROPOSED] PROTECTIVE ORDER RE INFORMATION PRODUCED IN RESPONSE TO SUBPOENAS

/v/-

The Court, having read and considered the Stipulated Protective Order Regarding Information Produced in Response to Subpoenas Served Upon the Housing Authority of the County of Los Angeles, and good cause appearing, ENTERS THE FOLLOWING PROTECTIVE ORDER:

## SCOPE OF THIS ORDER

1. 1. This Order shall apply to those documents and materials produced by HACoLA in response to the Subpoenas, attached hereto as **Exhibit A** and **Exhibit B** respectively, served upon HACoLA by Lancaster and the Plaintiffs ("Subpoenaed Documents").

2. This Order shall apply to all Subpoenaed Documents filed with the Court.

3. Subpoenaed Documents may only be used for purposes of litigation and not for any other purpose.

## RESTRICTIONS ON USE AND DISCLOSURE OF SUBPOENAED DOCUMENTS

4. Subject to paragraph 5 herein, and unless otherwise ordered by the Court, Subpoenaed Documents shall not be disclosed to any person other than:

   a. The attorneys for the Parties and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys;

   b. Secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

   c. Outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

/v/-

    d. Independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation;

    e. Jim Kobolt, Senior Criminal Justice Analyst for the City of Lancaster, and his assistant on the condition that all Subpoenaed Documents in Mr. Kobolt's or his assistant's possession shall be kept in a secure location, separate from other files belonging to Lancaster, and no Subpoenaed Document or the information contained within any Subpoenaed Document will be disseminated or disclosed by Mr. Kobolt or his assistant to any person not authorized to possess such information as set forth in this paragraph 4.

    f. Professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony, and translators; and

    g. Fact witnesses in a deposition, to the extent such witnesses' receipt, use of, or access to Subpoenaed Documents is a subject of deposition questions, provided, however, that such persons shall not retain a copy of any Subpoenaed Documents.

  5. None of the following are bound by or obligated under this Order in any respect and specifically are not bound or obligated to treat the Subpoenaed Documents in any particular manner: the Court hearing this Action (including the Court having jurisdiction of any appeal), Court personnel, court reporters working for the Court, or translators working for the Court.

  6. Other than those persons identified in Paragraph 5 above, each person to whom Subpoenaed Documents are disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such person.

/v/-

## USE OF SUBPOENAED DOCUMENTS IN PUBLIC FILINGS

7. The Parties shall seek the Court's approval to file under seal all pleadings or documents that contain Subpoenaed Documents. The Parties shall seek approval for each such under seal filing pursuant to Local Rule 79-5.1, as such rule may be amended from time to time. The application to file under seal shall reference this Order by date and docket number. The proposed sealed document, along with the application to file under seal, shall be served on all Parties by email. Upon the default of a Party to seek the Court's approval to file Subpoenaed Documents under seal, any Party may subsequently seek the approval of the Court to file that document under seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such rule may be amended from time to time.

## RESERVATION OF RIGHTS

8. This Order shall not be construed to prohibit the attorneys for the Parties from freely discussing the information contained within the Subpoenaed Documents, as necessary to prosecute or defend this Action, with their clients. Notwithstanding the foregoing, the attorneys for the Parties are prohibited from providing a copy of the Subpoenaed Documents to their clients unless otherwise permitted to do so by the express terms of this Order.

9. Nothing in this Order shall affect the right of any Party to move the Court, upon a showing of good cause, to expand or reduce the scope of this Protective Order, or to make any other amendment thereto.

10. Nothing in this Order shall constitute an admission or waiver of any claim or defense by any Party.

/v/-

11. Nothing in this Order relieves any Party of its duties to comply with redaction requirements of Local Rule 79-5.4 and General Order 08-02, as they may be amended from time to time.

**IT IS SO ORDERED.**

**DATED: AUGUST 22, 2012**        **/S/**
                                   **VICTOR B. KENTON, MAGISTRATE**
                                   **JUDGE OF THE U.S. DISTRICT COURT**

/v/-